UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
LUIGI MORONTA,                                                          :
                                                                        :
                                        Plaintiff,                      :               25-CV-5892 (JMF)
                                                                        :
            -v-                                                          :          MEMORANDUM OPINION
                                                                        :                AND ORDER
MECCA TRANSPORT, INC., et al.,                                          :
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Luigi Moronta filed this lawsuit, which arises from an alleged motor vehicle

accident, in New York State court on December 19, 2024. *See* ECF No. 1-1. Defendants, Mecca

Transport, Inc. and Wendell Powell, filed an Answer, also in New York State court, on February

12, 2025. *See* ECF No. 1-4. Over five months later, on July 18, 2025, Defendants removed the

case to this Court, invoking the Court's diversity jurisdiction. *See* ECF No. 1.[1] Moronta now

moves to remand the case back to New York State court on the ground that removal was

improper under 28 U.S.C. § 1441(b)(2), which provides that "[a] civil action otherwise

removable solely on the basis of" diversity jurisdiction "may not be removed if any of the parties

in interest properly joined and served as defendants is a citizen of the State in which such action

is brought." *See* ECF No. 19 ("Pl.'s Mem."), at 5. Defendants do not dispute that Powell is a

citizen of New York, but they argue that Section 1441(b)(2)'s "Forum Defendant Rule" does not

apply because Powell had not been "served with process appropriately at the time" that

---

[1]     Defendants' Notice of Removal explains that it was not until discovery in the state case
that they came to conclude that Moronta is a citizen of Connecticut — not New York, as alleged
in his Complaint — and, thus, that complete diversity exists. Moronta does not dispute that
explanation or contend that Defendants' removal was untimely.

Defendants removed the case.  ECF No. 20 ("Defs.' Opp'n"), at 5.

Defendants are correct that the Forum Defendant Rule is inapplicable if a home-state defendant has not yet been "properly joined and served."  *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (citing 28 U.S.C. § 1441(b)(2)).  But this scenario — which is sometimes called "snap removal," *see, e.g.*, *Kupferberg v. Baez*, No. 24-CV-8653 (ER), 2025 WL 2346060, at *4 (S.D.N.Y. Aug. 13, 2025) — was not available to Defendants because, contrary to their argument, Powell was "properly joined and served" before the case was removed.  According to an affidavit of service, Powell was served on January 7, 2025, by delivery at his home to "Jane Doe (Co-Tenant), a person of suitable age and discretion," and, on January 10, 2025, by mailing to him at the same address.  ECF No. 1-3; *see, e.g.*, *Calle v. Kearney*, No. 25-CV-1265 (JMF), 2025 WL 2172437, at *2 (S.D.N.Y. July 31, 2025) (noting that delivery "to a person of suitable age and discretion" at a person's place of business or home and then mailing suffices for service in New York (citing Fed. R. Civ. P. 4(e) and N.Y. CPLR § 308(2)).  Defendants dispute the affidavit, but they "fail[] to rebut" it with any evidence.  *Id.*; *see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) ("In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service."); *Kihl v. Pfeffer*, 94 N.Y.2d 118, 122 (1999) ("[A] properly executed affidavit of service raises a presumption that a proper mailing occurred, and a mere denial of receipt is not enough to rebut this presumption.").  Accordingly, the Court concludes that Powell was properly served as of January 10, 2025, and thus the Forum Defendant Rule precluded Defendants' removal in July 2025 and remand is appropriate.[2]

---

[2]    Even if the record did not support the conclusion that Powell had been properly served, remand pursuant to the Forum Defendant Rule would arguably be warranted given that Powell filed an Answer in the state court proceedings raising a defense based on improper service, *see* ECF No. 1-4, at 3, but then failed to move for judgment on that ground within sixty days of

For the foregoing reasons, Moronta's motion to remand is GRANTED, and the Clerk of Court is directed to remand this case back to New York Supreme Court, Bronx County, to terminate ECF No. 19, and to close the case on this Court's docket.[3]

SO ORDERED.

Dated: December 4, 2025
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

serving the Answer.  In doing so, he waived any challenge to service of process, *see* N.Y. CPLR § 3211(e), and thus could be treated as having been served as a matter of state law.  *See DMO Methuen, LLC v. FCA U.S., LLC*, No. CV 23-10724-GAO, 2023 WL 7548084, at *2-3 (D. Mass. Sept. 29, 2023); *Harmony Holdings, LLC v. Van Eck*, No. 2:18-CV-203, 2019 WL 1915566, at *3-4 (D. Vt. Apr. 30, 2019).  Because Defendants' "mere denial of receipt" does not suffice to rebut the presumption that Powell was properly served, however, the Court need not and does not decide whether Powell's filing of an answer alone would suffice.

[3]     Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Moronta, however, does not request fees or costs and, thus, has forfeited any entitlement to them.